

Christopher B. Turcotte, Esq. (CT-0867)
Bjorn J. Holubar, Esq. (BH-9691)
THE LAW OFFICE OF CHRISTOPHER B. TURCOTTE, P.C.
575 Madison Avenue, 10th Floor
New York, New York  10022
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

SHAMA GEMS, INC., doing business as GEM
INTERNATIONAL,

                        Plaintiff,

      -against-

R & R GROSBARD, INC., ROBERT
GROSBARD, RICHARD GROSBARD,
and RITESH SHAH,

                   Defendants.

———————————————————————

JUDGE SULLIVAN

'07 CIV 9384

Case No.

**VERIFIED COMPLAINT**

**Jury Trial Demanded**

       Plaintiff, by its attorneys, as and for its complaint against defendants, alleges upon information and belief:

## JURISDICTION AND VENUE

       1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338 and 15 U.S.C. §§1121 and 1125.  Plaintiffs' claims are predicated upon the U.S. Patent Laws, as amended, 35 U.S.C. §271 *et seq.*, the Trademark Act of 1946, as amended, 15 U.S.C. §271 *et seq.*, and Lanham Act §43(a) relating to trade dress infringement and false designations of origin.

       2.    This Court has supplemental jurisdiction under 28 U.S.C. §1367 for substantial and related claims brought under the statutory and common law of the State of New York.

       3.    Venue is founded on 28 U.S.C. §1391(b) and (c).

## THE PARTIES

4.    Shama Gems, Inc. is a corporation duly organized and existing under the laws of the state of New York, doing business as Gem International (hereinafter "Gem Int'l"), and maintains its principal place of business at 15 West 47th Street, Suite 905, New York, New York.

5.    Upon information and belief, R& R Grosbard, Inc. (hereinafter "Grosbard") is a corporation duly organized and existing under the laws of the state of New York, and maintains its principal place of business at 1185 Avenue of the Americas, New York, New York.  Upon information and belief, Grosbard does worldwide business as Remy Diamonds Private Ltd.

6.    Upon information and belief, Robert Grosbard is a resident of the State of New York and does business in New York as a principal and officer of R & R Grosbard, with its principal place of business at 1185 Avenue of the Americas, New York, New York.

7.    Upon information and belief, Richard Grosbard is a resident of the State of New York and does business in New York as a principal and officer of R & R Grosbard, with its principal place of business at 1185 Avenue of the Americas, New York, New York.

8.    Ritesh Shah was employed as a salesman in Gem Int'l's New York office from approximately November 2000 through November 2005, and, upon information and belief, presently does business in New York as a principal and/or agent of R & R Grosbard, with its principal place of business at 1185 Avenue of the Americas, New York, New York.

## FACTS COMMON TO ALL COUNTS

9.    On or about June 26, 2001, Edwin B. Cutshall ("Cutshall") obtained a United States design patent (Patent No. US D444,097 S, hereinafter "the `097 Patent"), a copy of which is annexed hereto as Exhibit "A", having a claim directed to an ornamental design for a crown of a round facetted gemstone.

2

10.     While the vast majority of round diamonds utilize the classic 58-facet, modern, round, brilliant cut, the '097 Patent is unique based on the addition of 16 facets to the diamond's crown, resulting in distinct and noticeable added scintillation, brilliance and dispersion.

11.     On or about May 28, 2002, Cutshall entered into a licensing agreement with Gem Int'l, whereby Gem Int'l was granted sole, exclusive ("Agreement"), worldwide rights to manufacture, market and sell *diamond* products made in accordance with the `097 Patent. The Agreement provides that Gem Int'l is empowered to enforce any of the '097 Patent's intellectual property rights worldwide.

12.     Since entering into the Agreement, Gem Int'l has expended considerable time and economic resources in actively manufacturing, marketing and selling loose and mounted diamonds, utilizing the '097 Patent, under the *Jubilant Crown*® trademark. Gem Int'l has advertized its *Jubilant Crown*® diamond in such prominent, national periodicals as *Town & Country*, *Harper's Bazaar*, *Modern Bride* and *W Magazine*, in addition to authorized retailers' independent marketing efforts. The *Jubilant Crown*® is also regularly featured in the *Rapaport Diamond Report*, the weekly wholesale diamond price list used by dealers worldwide to track market price fluctuations.

13.     On or about April 3, 2007, while traveling on unrelated business in Mumbai, India, Gem Int'l principal Navin Shah received a call from an employee in his Mumbai office advising him that a messenger from their local diamond cutter had mistakenly couriered an extra box containing diamonds with the cut of the *Jubilant Crown*®. Upon investigation, Mr. Shah discovered that the misdirected box was intended for a Gem Int'l competitor, defendant Grosbard, doing business in India as Remy Diamonds.

14.    As a result of additional investigation, plaintiff learned that Ritesh (aka "Ricky") Shah, who worked as a Gem Int'l salesman from approximately November 2000 through November 2005, began employment with defendant Grosbard in or about November 2005.

15.    Upon further information and belief, Ricky Shah, who had access to the *Jubilant Crown*® designs and specifications, misappropriated the '097 Patent and persuaded Grosbard and its principals Robert Grosbard and Richard Grosbard to use the design in its diamond production and merchandising, marketing it as the "Remy Diamond".

16.    In a transparent and ineffective attempt to distinguish the *Jubilant Crown*® diamond from the Remy Diamond, the defendants added a small number of "V" cuts to the outer edge of the diamond's face.  These additional facets are undetectable by the naked eye, or even with a 10X jeweler's loupe, and are further hidden or obscured by a diamond's setting.  The defendants would not have been able to create the so-called Remy Diamond without first replicating each of the *Jubilant Crown*®'s 74 facets, facet-for-facet.

17.    Notwithstanding the plaintiff's patent rights under the terms of its exclusive licensing agreement, and its having served defendants with a cease-and-desist notice, defendants continue to engage in the manufacture, marketing, import, export and sale of the Remy Diamond, which infringes upon the '097 Patent.

## COUNT I

### DESIGN PATENT INFRINGEMENT
### (35 U.S.C. §271, et seq.)

18.    Plaintiff repeats and realleges paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19.    Defendants are manufacturing, advertising, distributing, offering to sell and/or selling diamonds that infringe upon the '097 Patent.  Such sales have taken place in this judicial

4

district and elsewhere in the United States having a detrimental economic effect in this judicial district.

20.    Defendants have no license to conduct the activities complained of herein.

21.    Defendants' attempt to make inconsequential changes to the patented design cannot negate their infringement of the patent.

22.    Defendants have willfully infringed upon plaintiff's '097 Patent in violation of 35 U.S.C. §271, *et seq.*

23.    Defendants' infringement of the '097 Patent has and will irreparably damage plaintiff and others, depriving Gem Int'l of sales, profits and royalties to which it would otherwise have been entitled.

24.    Defendants' infringement will continue unless enjoined by this Court, as plaintiff has no adequate remedy at law.

### COUNT II

### TRADE DRESS INFRINGEMENT
### (15 U.S.C. §1125(a), Lanham Act §43(a))

25.    Plaintiff repeats and realleges paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26.    Plaintiff's trade dress is used in commerce, is non-functional, is inherently distinctive and has acquired secondary meaning in the trade and with the purchasing public.

27.    Defendants have distributed, advertised, promoted, sold and offered for sale, in commerce, diamonds consisting of or comprising designs that are identical to and/or confusingly similar to plaintiff's trade dress designs.

28.    Defendants' conduct is intentionally calculated to deceive, and is likely to deceive, consumers who recognize and associate plaintiff's trade dress designs with Gem Int'l as

the exclusive source thereof. Moreover, such conduct is likely to cause confusion, to cause

mistake or to deceive consumers as to the source of defendants' products, or as to a possible

affiliation, connection or association of defendants with Gem Int'l and/or the products being sold

by defendants with Gem Int'l.

29.    Upon information and belief, by its acts, defendants have made and will make

substantial profits and gains to which it is not in law or in equity entitled.

30.    Upon information and belief, defendants intend to continue its willfully infringing

acts, and will continue to willfully infringe plaintiff's rights and to act in bad faith, unless

restrained by this Court.

31.    Defendants' acts have damaged and will continue to damage plaintiff, for which

there is no adequate remedy at law.

## COUNT III

### FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. §1125(a), Lanham Act §43(a))

32.    Plaintiff repeats and realleges paragraphs 1 through 31 of this Complaint as if

fully set forth herein.

33.    Defendants' use of the '097 Patent via sale of the infringing diamond(s),

including but not limited to sales by plaintiff's former employees, is likely to cause confusion to

consumers, the public and the trade resulting in their purchase of such products believing that

Gem Int'l is the source of the products, and/or that there is some association between Gem Int'l

and Grosbard and/or the products offered therefrom, and/or that Gem Int'l has sponsored or

authorized defendants' otherwise unauthorized conduct.

34.    As a result of the foregoing, defendants have falsely designated the origin of the

products offered by Grosbard in violation of 15 U.S.C. §1125(a), Lanham Act §43(a).

6

35.    Upon information and belief, defendants intend to continue its willful acts, and to act in bad faith, unless restrained by this Court.

36.    Defendants' acts have damaged and will continue to damage plaintiff for which there is no adequate remedy at law.

## COUNT IV

### DECEPTIVE ACTS AND PRACTICES
### (New York General Business Law §349)

37.    Plaintiff repeats and realleges paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38.    Defendants, without plaintiff's authorization or consent, and having knowledge of plaintiff's intellectual property rights, have distributed, advertised, offered for sale and/or sold infringing products to the consuming public in violation of New York General Business Law §349.

39.    Defendants' use of simulations of plaintiff's intellectual property is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of defendants' infringing products, and is likely to deceive the public into believing that defendants' infringing products originate from, are associated with, or are otherwise authorized by plaintiff.

40.    Defendants' deceptive acts and practices involve public sales activities of a recurring nature.

41.    Defendants' acts have caused and will continue to cause plaintiff's irreparable harm unless enjoined by this Court, as plaintiff has no adequate remedy at law.

## COUNT V

### FALSE ADVERTISING
### (New York General Business Law §350)

42.     Plaintiff repeats and realleges paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43.     Defendants' overwhelming and pervasive use of the plaintiff's design patent and other indicia in its advertising and promotion of the jewelry products being offered for sale deceives consumers into believing that defendants' jewelry products are comparable to plaintiff's products in quality, design and value, when they are not.

44.     Defendants' acts constitute the making of intentionally false or misleading misrepresentations.

45.     Upon information and belief, defendants intend to continue their willful acts and will continue to act in bad faith, unless restrained by this Court.

46.     Defendants' acts have damaged and will continue to damage plaintiff, for which there is no adequate remedy at law.

## COUNT VI

### UNFAIR COMPETITION
### (New York General Business Law §360-l)

47.     Plaintiff repeats and realleges paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48.     Defendants' activities as alleged above have created and continue to create a likelihood of injury to plaintiff's public image and reputation for the provision and sale of high quality goods and services, and to dilute the distinctive quality of the plaintiff's design patent and

all rights held thereunder, in violation of §360-l of the General Business Law of the State of New York.

49.    Upon information and belief, defendants have willfully engaged in deceptive acts or practices in the conduct of their business in violation of §360-l of the General Business Law of the State of New York.

50.    Defendants' acts have damaged and will continue to damage plaintiff, for which there is no adequate remedy at law.

## COUNT VII

## COMMON LAW UNFAIR COMPETITION

51.    Plaintiff repeats and realleges paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52.    Defendants' sale of their infringing product is likely to cause confusion in the marketplace between plaintiff's genuine, patented goods and those of defendants, thus constituting an infringement of plaintiff's valuable common law rights.

53.    Defendants are deliberately and willfully misappropriating and diverting plaintiff's valuable proprietary rights, as well as the attendant goodwill and reputation, thereby competing unfairly with plaintiff.

54.    Upon information and belief, defendants' unfair competition has caused, and if allowed to continue, will continue to cause sales of plaintiff's products to be lost and/or diverted to defendants. Defendants' unfair competition has caused substantial and irreparable damage and injury to plaintiff and to its valuable goodwill and reputation, and unless enjoined by this Court, will continue to cause substantial and irreparable damage and injury to plaintiff.

55.    Defendants' acts have caused irreparable damage and will continue to damage plaintiff, for which there is no adequate remedy at law.

**WHEREFORE**, plaintiff demands judgment against defendants, jointly and severally, as follows:

(a)    That defendants and all those acting in concert with them, including their agents and servants, be preliminarily and permanently enjoined from manufacturing, vending, importing, distributing, selling, promoting or advertising any item being a copy, reproduction and/or colorable imitation of the plaintiff's *Jubilant Crown*®, or any product whose design infringes plaintiff's design patent or is substantially similar to the designs protected by the design patent, including any other of defendants' designs or products;

(b)    That defendants all those acting in concert with them, including their agents and servants, be preliminarily and permanently enjoined from (i) infringing any of plaintiff's trade dress designs, (ii) infringing plaintiff's design patent, (iii) unfairly competing with plaintiff in any manner, (iv) engaging in false advertising, (v) engaging in deceptive conduct causing harm to the public;

(c)    That defendants be required to recall all infringing items and advertising and promotional materials, and thereafter to deliver up for destruction all infringing designs, artwork, packaging, advertising and promotional materials, and any means of making such infringing items;

(d)    That defendants be directed to account to plaintiff for all gains, profits and advantages derived from defendants' wrongful acts.

(e)     That defendants pay to plaintiff any damages sustained by plaintiff by reason of

defendants' purposefully wrongful acts, together with interest thereon.

(f)     That plaintiff be awarded statutory damages and reasonable attorneys' fees;

(g)     That defendants pay as damage for its conduct alleged herein a sum equal to three

times the amount of the actual damages suffered by plaintiff;

(h)     That defendants pay to plaintiff the costs and disbursements of this action;

(i)     That plaintiff be awarded pre-judgment interest on its judgment;

(j)     That plaintiff be awarded such additional and further relief as the Court deems

just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a jury trial is hereby

demanded.

Dated:   New York, New York
         October 19, 2007

                                        THE LAW OFFICE OF CHRISTOPHER
                                        B. TURCOTTE, P.C.


                                        Christopher B. Turcotte, Esq. (CT-0867)
                                        Bjorn J. Holubar, Esq. (BH-9691)
                                        575 Madison Avenue, 10th Floor
                                        New York, New York  10022
                                        *Attorney for Plaintiffs*

## VERIFICATION

STATE OF NEW YORK   )
                          ) ss.:
COUNTY OF NEW YORK  )

Parag Shah, being duly sworn, deposes and says:

I am a principal and officer of the plaintiff in the within action.  I have read the foregoing Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
Parag Shah

Sworn to before me this
_19th_ day of October, 2007

_____
Notary Public

CHRISTOPHER B. TURCOTTE
Notary Public, State of New York
No. 02TU5072563
Qualified in New York County
Commission Expires February 3, 2011

12

EXHIBIT A

US00D444097S

(12) **United States Design Patent** (10) Patent No.: **US D444,097 S**

Cutshall   (45) Date of Patent: ** **Jun. 26, 2001**

(54) CROWN OF A ROUND FACETTED GEMSTONE

(76) Inventor: **Edwin Bruce Cutshall**, P.O. Box 32054, Hillsboro, VA (US) 20134

(**) Term: **14 Years**

(21) Appl. No.: **29/129,713**

(22) Filed: **Sep. 18, 2000**

(51) LOC (7) Cl. .................................................. 11-01
(52) U.S. Cl. ................................................... D11/90
(58) Field of Search ..................... D11/1, 2, 7, 26–29, D11/35–36, 40–43, 79–92; 63/1.11, 15–15.1, 26–28

(56) **References Cited**

U.S. PATENT DOCUMENTS

D. 36,359 * 8/1903  Cooper ........................... D11/90

D. 286,388  * 10/1986  Ishuca ......................... D11/90
5,038,097  * 1/1974  Elbe ............................... 63/32

* cited by examiner

*Primary Examiner*—Ralf Settert

(57)    **CLAIM**

The ornamental design for a crown of a round facetted gemstone, as shown and described.

**DESCRIPTION**

FIG. 1 is a top plan view of a crown of a round facetted gemstone showing my new design; and,

FIG. 2 is a side view thereof, all sides are identical/symmetrical. The pavilion is shown in broken lines for illustrative purposes only and forms no part of the claimed design.

1 Claim, 1 Drawing Sheet



**U.S. Patent**          Jun. 26, 2001          US D444,097 S



Fig. 1



Fig. 2



A- 36½° @ 93-B, 9-15...
B- 30½° @ 0, 12, 24,...
C -21½° @ 1-5, 7-13
      19-27, ...
D- 17° @ 0, 12, 24.

Fig. 1

© E.Blackhall

Fig. 2