UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/24/07

---

SHAMA GEMS, INC. doing business as GEM INTERNATIONAL,

          Plaintiff,

-v-

R & R GROSBARD, INC., ROBERT GROSBARD, RICHARD GROSBARD, and RITESH SHAH,

          Defendants.

No. 07 Civ. 9384 (RJS)

ORDER

---

RICHARD J. SULLIVAN, District Judge:

On October 19, 2007, Plaintiff Shama Gems, Inc. ("Plaintiff") submitted an *ex parte* application for a temporary restraining order and preliminary injunction to the Court. The same day, the Court issued an order denying the application to proceed *ex parte* and instructed the Plaintiff to serve counsel for the defendants with the motion papers and appear in court with counsel for the defendants on Monday, October 22, 2007 for argument on the temporary restraining order. For the reasons below and stated on the record at the conference held on October 22, 2007, the application for a temporary restraining order pending a determination on the preliminary injunction motion is DENIED.

A temporary restraining order is a form of preliminary injunctive relief; as such, it is an extraordinary and drastic remedy that shall not be issued lightly. *See, e.g., Borey v. Nat'l Union Fire Ins. Co.*, 934 F.2d 30, 33-34 (2d Cir. 1991); *Hanson Trust PLC v. ML SCM Acquisition, Inc.*, 781 F.2d 264, 273 (2d Cir. 1986). While the standard for the issuance of a temporary restraining order in this Circuit is the same as that for a preliminary injunction, *see Local 1814 Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n. Inc.*, 965 F.2d 1224, 1228 (2d Cir.) (citation omitted), *cert. denied*, 506 U.S. 953 (1992), the purpose of a temporary

restraining order is to preserve the status quo pending resolution of the preliminary injunction motion. *See* Fed. R. Civ. Pro. 65(b); *Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1125 (2d Cir. 1989) (citing *Pan Am. World Airways, Inc. v. Flight Engineers' Int'l Ass'n*, 306 F.2d 840, 842-43 (2d Cir. 1962)).

In order for a temporary restraining order to issue, the moving party must demonstrate "(1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make it a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." *MONY Group, Inc. v. Highfields Capital Mgmt., L.P.*, 368 F.3d 138, 143 (2d Cir. 2004) (citing *Forest City Daly Hous., Inc. v. Town of N. Hempstead*, 175 F.3d 144, 149 (2d Cir. 1999)); *Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 779-80 (2d Cir. 1994). It is well-established that "[i]rreparable injury is one that cannot be redressed through a monetary award. Where money damages are adequate compensation a preliminary injunction should not issue." *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir. 2004) (quoting *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 78 (2d Cir. 1990); *Borey*, 934 F.2d at 34. The party moving for injunctive relief "must show that it is *likely* to suffer irreparable harm if equitable relief is denied. . . a mere possibility of irreparable harm is insufficient to justify the drastic remedy of a preliminary injunction." *Borey*, 934 F.2d at 34 (citing *JSG Trading*, 917 F.2d at 79 (emphasis in original)).

The Court has considered the arguments contained in the Plaintiff's papers as well as those presented in open court and in a letter submitted to the Court by the Plaintiff on October 25, 2007 addressing the issue of irreparable harm. For the reasons stated on the record on October 22, the Court finds that the Plaintiff has not met the standard for issuance of a temporary

restraining order because the Plaintiff has not established that irreparable harm is likely to occur pending the hearing on the preliminary injunction, nor has the Plaintiff demonstrated a likelihood of success on the merits or a balance of hardships in its favor.

Accordingly, the application for a temporary restraining order is DENIED.

IT IS FURTHER ORDERED that the parties shall, by Monday, October 29, 2007, submit a jointly-proposed stipulated protective order for the Court's consideration. Once the protective order is in place, Plaintiff shall produce an unredacted copy of the October 25, 2007 letter to opposing counsel.

SO ORDERED.

Dated:   New York, New York
         October 25, 2007

                                    RICHARD J. SULLIVAN
                                    UNITED STATES DISTRICT JUDGE